■ In the Matter of JOHN RICHARDSON, Appellant, v. RALPH SHAPIRO, as Mayor of the City of Oswego, Respondent.— Order unanimously affirmed, without costs of this appeal to either party. (Appeal from order of Onondaga Special Term dismissing the petition and denying motion by attorney for petitioner for fixing of his fee.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ FRANCIS G. DILLON, Appellant, v. CARRIE BROWNELL, Respondent.— Judgment unanimously affirmed, with costs. (Appeal from judgment of Oneida Trial Term dismissing the complaint at the close of plaintiff's case, in an action for damages for personal injuries alleged to have been sustained by reason of a fall from a claimed defective ladder.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ SOPHIE HINES, Appellant, v. RUBY CHINN, Respondent.— Judgment unanimously reversed on the law and facts and new trial granted, with costs to appellant to abide the event. Memorandum: We find no evidence to sustain the factual findings of the Referee (contained in the conclusions of law) that the deed "was drawn by over persuasion and undue influence" upon the defendant and that the plaintiff failed to show any consideration for the execution and recording of the deed "and failed to explain the failure of said consideration, there being clear proof of the unfairness of the transfer." Upon the present record it is impossible to determine upon what basis the Referee concluded that plaintiff should be required to convey her interest as a joint tenant in the realty to defendant. A new trial is required. Upon such trial it would seem that the attorney Schaffer might well be a key witness. The defendant testified that when the deed was prepared he explained the "whole situation" to this attorney. Similarly, from plaintiff's testimony and the documentary evidence it appears that Mr. Schaffer might have helpful proof as to when and under what circumstances the deed was recorded. For some unexplained reason neither party saw fit to call the attorney as a witness. (Appeal from judgment of Erie Supreme Court dismissing the complaint and directing plaintiff to convey all of her interest in the property, in an action for partition of realty.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ HENRY DUPLICKI, Appellant, v. MELANIE DUPLICKI, Respondent.— Judgment unanimously affirmed, with costs. (Appeal from judgment of Erie Supreme Court dismissing the complaint on the merits, in an action for separation, and continuing the custody of the infant daughter of the parties.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ ROBERT C. WALSH, Respondent, v. ADOLPH H. KNODEL et al., Appellants.— Order unanimously affirmed, with costs. (Appeal from order of Onondaga County Court setting aside the verdict of a jury in favor of defendant for no cause of action in an automobile negligence action, and granting a new trial.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.